UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALFRED COLLINS, JR.**                                    CIVIL ACTION

**VERSUS**                                                 **NO. 10-157**

**ELAYN HUNT CORRECTIONAL, ET AL.**                        SECTION "R"(3)

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.**     **Factual Summary**

Plaintiff, Alfred Collins, Jr., is currently incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983, against Elayn Hunt Correctional Center and Warden

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Middle District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

Hall, alleging that he is being denied the right to practice his Muslim religion and customs.  (Rec. Doc. No. 1, Complaint).  Plaintiff requests injunctive relief.

## II.     General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision.  Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the general venue statute.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The general venue statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice.  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).  Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    Proper Venue

Plaintiff's cause of action arose at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, which is located in Iberville Parish.  Iberville Parish lies within the geographical boundaries of the United States District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).  No defendant is alleged to reside in or to be located within the Eastern District.  All of the events that form the factual basis of plaintiff's action occurred within Iberville Parish in the Middle District of Louisiana.  Therefore, the Court finds that it is in the interest of justice and fairness to the

parties that this civil action be transferred to the Middle District of Louisiana for further consideration.

IV.     Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 27th day of January, 2010.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.