## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALFRED COLLINS, JR. (#319912)**                                    **CIVIL ACTION**

**VERSUS**

**ELAYN HUNT CORRECTIONAL WARDEN HALL**                    **NO. 10-0144-RET-DLD**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 15, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ALFRED COLLINS, JR. (#319912)                                      CIVIL ACTION

VERSUS

ELAYN HUNT CORRECTIONAL WARDEN HALL          NO. 10-0144-RET-DLD

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The pro se plaintiff, an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against EHCC Warden Hall, complaining that the defendants have violated his constitutional rights through interference with his practice of religion. Specifically, the plaintiff complains that since he arrived at EHCC in November, 2009, prison officials have forced him to shave his beard, have not provided him with pork-free and meat-free meals, have not allowed him to attend mandatory Friday prayer, and have not provided him with "adequate books" or "proper materials such as a (prayer rug), all of which are mandated by his religious beliefs.

In his original Complaint, filed in the Eastern District of Louisiana in December, 2009, the plaintiff alleged that although he commenced administrative grievances at EHCC relative to the claims asserted herein, these grievances had not yet been answered at the time that he filed his Complaint.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison <u>prior to</u> commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all suits about prison life". <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. <u>Johnson v. Johnson</u>, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner

---

[1]     42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the Complaint that an inmate has failed to exhaust the prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted.  See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007). See also Clifford v. Louisiana, 2008 WL 2754737 (M.D. La. July 7, 2008).

In the instant case, the plaintiff admits in his Complaint that, at the time of filing, he had not exhausted administrative remedies relative to the claims asserted herein.  This conclusion is further borne out by the plaintiff's acknowledgment in his Complaint that he arrived at EHCC on November 29, 2009, and by the fact that he filed the instant proceeding no later than December 17, 2009, less than three weeks thereafter.  Considering the delays required for completing the two-step grievance process through the prison administrative system, this interval does not allow sufficient time for exhaustion of administrative remedies.  Accordingly, because the affirmative defense appears clear on the face of the Complaint, the plaintiff's Complaint is subject to dismissal, sua sponte, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

Signed in Baton Rouge, Louisiana, on June 15, 2010.


**MAGISTRATE JUDGE DOCIA L. DALBY**